**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **GORDON RAY SIMMONDS,** § | | |
| **TDCJ-CID #932489,** § | | |
| Petitioner, § | | |
| **V.** § | | **CASE NO. 2:12cv70** |
| § | | |
| **RICK THALER,** § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER OF TRANSFER

This is a habeas action filed by a state prisoner incarcerated at the French Robertson Unit in Abilene, Texas, challenging a disciplinary proceeding and punishment imposed at the Robertson Unit (D.E. 1). Petitioner states he was convicted of possession of child pornography and sentenced to fifty years in prison on June 6, 2000, in the 252nd Judicial District Court of Jefferson County, Texas (*Id.*). The petition was originally filed in the Beaumont Division of the Eastern District of Texas, and inexplicably was transferred to the Corpus Christi Division of the Southern District of Texas.[1]

A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959 (5th Cir. 2000). Petitioner's place of incarceration is in Jones County, which is located in the Abilene Division of the Northern District of Texas, 28 U.S.C. § 124(a)(3),

---

[1] It appears that the Magistrate Judge erroneously believed that the French Robertson Unit was located in Bee County, Texas (D.E. 3), when it is actually located in Abilene, Texas, in Jones County. It also appears that the Magistrate Judge believed that petitioner was confined at the McConnell Unit, which is in Bee County (D.E. 3), but petitioner was never confined there. According to the petition, petitioner was confined at the Robertson Unit when he filed this action (D.E. 1). Information from the TDCJ locator reflects that petitioner is still confined there.

and he was convicted by a court located in Jefferson County, which is located in the Beaumont Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(2). This Court does not have any connection to the petitioner or his conviction; consequently, it has no jurisdiction. 28 U.S.C. § 2241(d); Wadsworth, 235 F.3d at 961-62.

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a). Because petitioner was convicted in Jefferson County, this matter should be transferred back to the Beaumont Division of the Eastern District of Texas where it originated.

Accordingly, it is ordered that the Clerk of the Court **TRANSFER** this action to the United States District Court for the Eastern District of Texas, Beaumont Division. All pending motions are denied as moot and subject to renewal after the case is transferred.

**ORDERED** this 3rd day of April 2012.

**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**